UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DONALD HOWARD GARLAND, #148184, | ) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WES SMIGIELSKI, et al., | ) |
| | ) |
| Defendants. | ) ) |

Case No. 1:14-cv-865

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint arises out of events in Benton Harbor, Michigan in March 2012 which ended in plaintiff pleading guilty in Berrien County Circuit Court pursuant to a plea agreement to the lesser charges of false pretenses $20,000 to $50,000, possession of cocaine in an amount less than 25 grams, and his stipulation agreeing to the forfeiture of certain property to the City of Benton Harbor. The defendants are Officers Wes Smigielski and D. Northrup, Benton Harbor Police Department, City of Benton Harbor, and Berrien County. Plaintiff alleges that he was arrested on March 6, 2012, at the Benton Harbor apartment of his girlfriend, Linda Rowe. He alleges that he was arrested without probable cause. Plaintiff alleges that the consent police obtained to search the apartment where he and the cocaine were seized was invalid. Plaintiff alleges that the forfeiture of property to Benton Harbor in Berrien County Circuit Court proceedings was improper and that he, Linda Rowe, and Moshia Banks were wrongfully deprived of the forfeited property. Plaintiff seeks an award of "$2,000,000.00 per Defendant per each Claim." (Compl., docket # 1, Page ID 11).

The matter is before the court on defendants' motions for summary judgment. (docket #s 26, 28). Plaintiff has filed his response. (docket #s 33-34). For the reasons set forth herein, I recommend that all the claims that plaintiff purports to bring on behalf of others be dismissed because he is proceeding *pro se* and cannot act in a representative capacity. He is limited to representing himself on his own claims. I recommend that plaintiff's claim against the Benton Harbor Police Department be dismissed with prejudice because the department is not a legal entity capable of being sued. I recommend that defendants' motions for summary judgment be granted on all plaintiff's remaining claims.

## Summary Judgment Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving

party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

**Proposed Findings of Fact**

The following facts are beyond genuine issue.[1] Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. On March 6, 2012, plaintiff was arrested by Officers Wes Smigielski and D. Northrup at the Benton Harbor apartment of plaintiff's girlfriend, Linda Rowe. Police found cocaine and other evidence inside the apartment. Plaintiff was charged with criminal enterprise conduct and delivery/manufacture of cocaine less than 50 grams and maintaining a drug house.

On April 25, 2012, plaintiff entered guilty pleas on two criminal charges. "In file 2012 1022 FH, [he] pled guilty to the lesser charge of false pretenses $20,000 to $50,000" in violation of Mich. Comp. Laws § 750.218(5)(a). In file 2012 916 FH, [he] pled guilty to the lesser charge of possession of cocaine less than 25 grams." (11/21/21 Motion to Correct Sentence or Withdraw Guilty Plea, docket # 27-6, Page ID 170-71). Under the terms of the plea agreement, the criminal enterprise charge and maintaining a drug house charge against plaintiff were dismissed, the prosecution agreed not to seek to have petitioner sentenced as a habitual offender and agreed to the

---

[1] Although it might not constitute error to consider the police report that defendants offered in support of their motion for summary judgment (docket # 27-2) because plaintiff attached a portion of it to his complaint (docket # 1 at Page ID 13-16), I have disregarded the police report because it is replete with hearsay. *See Thiel v. Sterling Heights*, No. 09-12399, 2010 WL 3170510, at * 2 (E.D. Mich. Aug. 10, 2010); *Doe v. Farmer*, No. 3:06-cv-202, 2009 WL 3768906, at * 5 (M.D. Tenn. Nov. 9, 2009). Similarly, I have disregarded all the legal conclusions plaintiff attempts to present as facts in his affidavit and verified complaint. *See Mobley v. Miami Valley Hosp.*, 603 F. App'x 405, 410 n. 3 (6th Cir. 2015); *Lloyd v. Midland Funding, LLC*, No. 3:12-cv-566, 2014 WL 3507363, at * 6 (E.D. Tenn. July 14, 2015). "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *Houston v. McDaniels*, No. 1:12-cv-299, 2014 WL 1493402, at * 2 n.2 (W.D. Mich. Apr. 16, 2014).

scoring of plaintiff on the "D Grid" of Michigan's sentencing guidelines. In addition, the prosecution agreed to dismiss certain charges against plaintiff's co-defendant, Ms. Rowe. Further, plaintiff stipulated to the forfeiture of seized property, including an "Honor Credit Union Account in the name of Assured Return Tax Preparation." (docket # 27-2, Page ID 185).

On May 21, 2012, Berrien County Circuit Court Judge Gary Bruce sentenced plaintiff to 4 years and 9 months to 15 years' imprisonment on his false pretenses conviction, with credit for the 103 days he had spent in jail. A time served jail sentence was imposed on the drug conviction. (Judgment of Sentence Commitment, docket # 27-5, Page ID 168; 11/21/21 Motion to Correct Sentence or Withdraw Guilty Plea, docket # 27-6, Page ID 171). On October 15, 2013, Judge Bruce denied plaintiff's motion to correct his sentence or withdraw his guilty plea. "There was no error in the plea taking procedure, there was a knowing and voluntary plea; and there was adequate representation by [Garland's] attorney." (docket # 27-8, Page ID 187-88). Plaintiff's criminal convictions and the stipulated forfeiture of property in connection with his criminal convictions have never been overturned.

On March 28, 2014, plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. (docket # 1). On August 14, 2014, the case was transferred here. (docket # 21).

## Discussion

1. Claims Asserted on behalf of Others

I recommend that all the claims that plaintiff purports to bring on behalf of Moshia Banks and Linda Rowe be dismissed. The law is well established that as a *pro se* litigant, plaintiff may not act in a representative capacity. Plaintiff is limited to representing himself on his own claims. *See*

28 U.S.C. § 1654; *see also Riddle v. Napel*, No. 2:13-cv-152, 2015 WL 4093918, at * 2 n.2 (W.D. Mich. June 8, 2015) ("The federal courts uniformly reject representation during litigation by unlicensed laypeople.") (collecting cases); *Flores v. United States Attorney Gen.*, No. 15-11359, 2015 3407926, at * 2 (E.D. Mich. May 27, 2015) ("Federal law prohibits *pro se* individuals from representing other litigants.") (citing 28 U.S.C. § 1654). "Only a licensed attorney may represent other persons." *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003); *see also Draper v. Hoffner*, No. 1:13-cv-1342, 2014 WL 235514, at * 1 (W.D. Mich. Jan. 22, 2014).

    2.    <u>Benton Harbor Police Department</u>

The Benton Harbor Police Department is not a legal entity capable of being sued. *See Howard v. Wayne County Sheriff's Office*, 417 F. App'x 465, 467-68 (6th Cir. 2011); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *see also Reid v. West*, No. 2:14-cv-334, 2015 WL 268980, at * 3 (E.D. Tenn. Jan. 21, 2015) (collecting cases). All plaintiff's claims against the Benton Harbor Police Department should be dismissed.

    3.    *Heck* <u>Bar</u>

Plaintiff cannot challenge his criminal conviction and sentence under 42 U.S.C. § 1983. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). The Supreme Court has held that a civil rights claim that necessarily implies the invalidity of plaintiff's criminal conviction is not cognizable under § 1983 until plaintiff's conviction has been overturned. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other*

*harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

*Heck* bars plaintiff's illegal entry claim. *See Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601 (6th Cir. 2014) ("If plaintiff were to succeed on an illegal home entry claim, it would render his arrest unlawful and imply the invalidity of his underlying guilty plea."); *see also Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014). It likewise bars his false imprisonment claims. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001); *Watkins v. Snow*, No. 3:12-cv-P585, 2013 WL 1879489, at * 2 (W.D. Ky. May 3, 2013). *Heck* bars plaintiff's claims of illegal search and seizure and false arrest:

> "Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also* [] *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398–99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part*, *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest). In addition, *Heck*'s favorable termination requirement has been applied to claims of false arrest. *See, e.g., Hancock v. Word*, 27 F. App'x 256, 257 (6th Cir. 2001). Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

*Tillman v. Meijer Store*, No. 1:15-cv-459, 2015 WL 4247786, at * 3 (W.D. Mich. July 13, 2015).

Plaintiff attempts to salvage his claims by arguing that they are not *Heck* barred because they "arose out of Illegal Search and Seizure of his Person[.]" (Plf. Brief at 1-2, docket # 33, Page ID 228-29). This argument is meritless. Plaintiff's guilty pleas establish that there was probable cause for his arrest. *See Burns v. Wright*, 449 F.3d 709, 716-17 (6th Cir. 2006); *Walker v. Wayne County*

*Prosecutor's Office*, No. 4:15-cv-11789, 2015 WL 4389819, at * 5 (E.D. Mich. July 15, 2015). Further, plaintiff is estopped by his guilty pleas from claiming that police lacked probable cause to arrest him. *See Bolden v. City of Euclid*, 595 F. App'x 464, 469 (6th Cir. 2014); *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007); *Holloran v. Duncan*, Nos.13-1050, -1080, -1194, -1165, -1166, -1167, -1168, -1187, -1192, -1193, -1195, __ F. Supp.3d __, 2015 WL 1245551, at * 18 (W.D. Tenn. Mar. 18, 2015); *Reid v. West*, No. 2:14-cv-334, 2015 WL 268980, at * 4 (E.D. Tenn. Jan. 21, 2015).

    4.    Municipal Liability

Berrien County and the City of Benton Harbor appear as named defendants in the caption of the complaint. (Compl. at 2, Page ID 2). The complaint contains no specific factual allegations against these defendants. A *pro se* complaint that merely names a defendant in the caption without alleging specific conduct by that defendant is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept.28, 2010) (collecting cases). Further, Municipal liability may not be imposed on a *respondeat superior* theory. *See Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978). Absent an underlying constitutional violation, plaintiff's claims against the municipal defendants fail as well. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under Monell without an underlying constitutional violation."); *Savage v. City of Memphis*, No. 14-6501, __ F. App'x __, 2015 WL 4645664, at * 3 (6th Cir. Aug. , 2015).

    5.    Property Claims

Plaintiff has no claim against any defendant based on the forfeiture of property. Plaintiff agreed to the forfeiture of his property in Case No. 2012 001022FH (docket # 27-7, Page ID 185)

and there is nothing before this Court suggesting that plaintiff appealed Judge Bruce's decision. This court lacks jurisdiction to entertain any claim that plaintiff suffered injuries arising out of the decisions made by Michigan's courts. Under the *Rooker-Feldman* Doctrine, a party who lost in state court may not complain about injuries caused by state-court judgments in a subsequent federal lawsuit. *See Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This Court does not possess direct oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state trial court was an appeal to the Michigan Court of Appeals, an application for leave to appeal to the Michigan Supreme Court, and if necessary, a writ of certiorari from the United States Supreme Court.

## **Recommended Disposition**

For the foregoing reasons, I recommend that all the claims that plaintiff purports to bring on behalf of others be dismissed because he is proceeding *pro se* and cannot act in a representative capacity. I recommend that plaintiff's claim against the Benton Harbor Police Department be dismissed with prejudice because the department is not a legal entity capable of being sued. I recommend that defendants' motions for summary judgment (docket #s 26, 28) be granted on all plaintiff's remaining claims.

Dated: August 26, 2015       /s/ Phillip J. Green
                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).